**Julius W. HOBSON, individually and on behalf of Jean Marie Hobson and Julius W. Hobson, Jr., et al., Plaintiffs,**

**v.**

**Carl F. HANSEN, Superintendent of Schools of the District of Columbia, et al., Defendants.**

**Civ. A. No. 82–66.**

United States Court of Appeals District of Columbia Circuit.

June 1, 1966.

See also D.C., 252 F.Supp. 4.

statutory three-judge District Courts convened under 28 U.S.C. §§ 2282 and 2284 (1964). The complaint in this action consists of six counts. Count one asserts unconstitutionality as grounds for enjoining the enforcement of D.C. Code § 31–101(a) (1961), which requires the judges of the United States District Court for the District of Columbia to appoint a board of education for the District. Counts two through six allege various racial and economic discriminations by school authorities against school children and teachers and ask for their abatement by injunction.

Circuit Judge Wright, sitting by assignment in the District Court, requested me, as Chief Judge of the Circuit, to convene a three-judge District Court pursuant to 28 U.S.C. § 2284 to hear the constitutional challenge to D.C.Code § 31–101(a).[1] After examining the complaint and other records in the case, I exercised my authority under § 2284 to determine whether substantial constitutional issues were raised.[2] I then convened a three-judge court on March 29, 1966, to which I referred only count one of the complaint. My stated purpose was to leave counts two through six before Judge Wright in his capacity as a single-judge District Court.

In the present motion, the defendants request me to expand my order convening the three-judge court to include the issues raised and relief requested in counts two through six. They contend, citing authorities,[3] that "a three-judge court, once impanelled under 28 U.S.C. § 2284, has complete jurisdiction

William M. Kunstler, New York City, Jerry D. Anker, Washington, D. C., for plaintiffs.

Matthew J. Mullaney, Jr., Milton D. Korman, John A. Earnest, James M. Cashman, Corp. Counsel, Washington, D. C., for defendant Carl F. Hansen and all other members of the Board of Education for the District of Columbia.

David G. Bress, U. S. Atty., Joseph M. Hannon, Asst. U. S. Atty., Washington, D. C., for defendant Chief Judge Matthew F. McGuire and all the other Judges.

ORDER

BAZELON, Chief Judge:

This motion raises an important question concerning the administration of

1. Hobson v. Hansen, 252 F.Supp. 4 (D.D.C.1966).

2. See California Water Serv. Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Miller v. Smith, 236 F.Supp. 927 (E.D.Pa.1965), motion for leave to file petition for writ of mandamus denied sub nom., Miller v. Biggs, 382 U.S. 805, 86 S.Ct. 92, 15 L.Ed.2d 113 (1965); Red Lion Broadcasting Co. v. FCC, Three-Judge File No. 129, D.C.Cir., Dec. 2, 1965, motion for leave to file petition for writ of mandamus denied sub nom., Red Lion Broadcasting Co. v. Ba-

zelon, 384 U.S. 958, 86 S.Ct. 1593, 16 L.Ed.2d 1593 (May 31, 1966).

3. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); Chicago G. W. Ry. v. Kendall, 266 U.S. 94, 45 S.Ct. 55, 69 L.Ed. 183 (1924); Louisville & N. R. R. v. Garrett, 231 U.S. 298, 34 S.Ct. 48, 58 L.Ed. 229 (1913); Firemen's Ins. Co. of Newark, N. J. v. Beha, 30 F.2d 539 (S.D.N.Y.1928), aff'd sub nom., Firemen's Ins. Co. of Newark, N. J. v. Conway, 278 U.S. 580, 49 S.Ct. 184, 73 L.Ed. 517 (1929).

over the entire case and neither a single-judge court nor the chief judge of the circuit has the power to divest the three-judge court of its jurisdiction." [4] In the context of this case, I disagree.

The cases upon which defendants rely are based on concepts of pendent jurisdiction. They hold that where a statute is sought to be enjoined on federal constitutional grounds, as well as on either state law or federal statutory grounds, the three-judge court has authority to hear all the legal theories advanced against the validity of the statute. The rationale of these cases is two-fold: first, that non-constitutional grounds should be available to the three-judge court so that it may, if possible, avoid constitutional decision; and second, that since the different legal theories all rest upon a single complex of facts, judicial efficiency will be best served if all the challenges to the statute are heard at one time by one tribunal. [5]

The present case is in sharp contrast. Here count one is in no way related to counts two through six, except for the identity of certain defendants. The statute under attack in count one is not challenged or even adverted to in the remainder of the complaint. A decision on the constitutionality of the statute cannot, therefore, be avoided by a decision on the claims in counts two through six, nor can a consideration of the issues raised in those counts contribute in any way to resolution of the constitutional question presented in count one. In addition, there is no identity between the factual issues underlying count one and those of the rest of the complaint. Count one and counts two through six thus present wholly separate and independent claims, albeit against the same defendants. [6] As such, the rationale of pendent jurisdiction and the cases relying on that doctrine are inapposite here. [7]

Moreover, defendants' argument that, because count one of the complaint requires a three-judge District Court, counts two through six must be submitted

4. Since Judge Wright requested a three-judge court only for count one (Hobson v. Hansen, supra note 1), the question arises whether the Chief Judge's authority, ministerial or discretionary, may be extended to counts two through six.

5. See, e. g., cases cited in note 3 supra; Sterling v. Constantin, 287 U.S. 378, 393–394, 53 S.Ct. 190, 77 L.Ed. 375 (1932); Kurland, The Romero Case and Some Problems of Federal Jurisdiction, 73 Harv.L.Rev. 817, 833–45 (1960).

6. This joinder of claims, of course, has been sanctioned since 1938 by Rule 18 (a) Fed.R.Civ.P. Since most of the cases upon which defendants rely were decided prior to 1938, the situation presented here was not, and could not have been, contemplated by the Supreme Court. For this reason, the broad language of these opinions, which might be read to support defendants' arguments, must be qualified by reference to the facts of those cases —an attack upon a single statute based upon one underlying factual matrix.

7. Count one of the complaint has been fully briefed and argued to the three-judge court and has been submitted to it for well over a month. The defendants' tardiness in moving to certify counts two through six to the three-judge panel shows that they were not hampered in any way during the hearing on count one by the absence of joinder and further demonstrates that count one and counts two to six are wholly unrelated. That the motion to join the counts comes so late in the proceedings and that this delay is unexplained may suggest that the motion was interposed for purposes of delaying trial on the merits of counts two through six. Since counts two through six allege racial discrimination resulting in irreparable damage to school children, time is of the essence for trial of these issues.

Defendants make the additional argument that if D.C.Code § 31–101(a) is declared unconstitutional by the three-judge court, the social discriminations alleged in counts two to six may not be continued by the Board's successors. This possibility, however, is totally unrelated to the constitutionality of § 31–101(a). Moreover, the timing of and necessity for a trial of counts two to six are matters which should be addressed to Judge Wright. Cf. Public Serv. Comm'n. of Missouri v. Brashear Freight Lines, Inc., 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083 (1941).

to that statutory court misconceives the function of the three-judge court. "The three judge procedure is an extraordinary one, imposing a heavy burden on federal courts, with attendant expense and delay. That procedure, designed for a specific class of cases, sharply defined, should not be lightly extended." Oklahoma Gas & Elec. Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 734, 78 L.Ed. 1318 (1934). To allow joinder of claims unrelated to the legislation under attack would severely undermine the sharply limited purpose for three-judge courts, at heavy cost to judicial administration both in the lower federal courts and in the Supreme Court.

■ I therefore conclude that since only count one of the instant complaint challenges an Act of Congress on constitutional grounds,[8] and since the remainder of the complaint raises wholly separable and unrelated claims based on different facts and challenging different acts by the defendants, the three-judge court lacks authority to hear the latter claims.[9] Further, because the latter claims are patently beyond the statutory jurisdiction of the three-judge court and because prompt trial of those issues is essential, see note 7 supra, it is not only unnecessary but also unwise to submit these issues to the three-judge court. As Chief Judge of the Circuit, I have the authority and duty under § 2284 to refuse certification of these claims which cannot conceivably involve substantial con-

stitutional attacks upon an Act of Congress and which are wholly extraneous to the issue properly before the three-judge court under count one.[10]

The motion is denied.

8. Of course, the three-judge District Court has jurisdiction to decide all questions, local or federal, which may be considered in determining the constitutionality of the statute and the need for an injunction. Even where nonconstitutional grounds of attack on the statute are also alleged, a three-judge court is required to decide those issues as well. E. g., Florida Lime & Avocado Growers, Inc., v. Jacobsen, supra, note 3.

9. Cf., e. g., Public Serv. Comm'n of Missouri v. Brashear Freight Lines, Inc., supra note 7, 312 U.S. at 625, 61 S.Ct. 784; Powell v. United States, 300 U.S. 276, 284–290, 57 S.Ct. 470, 81 L.Ed. 643 (1937); Pittsburgh & W. Va. Ry.

v. United States, 281 U.S. 479, 488, 50 S.Ct. 378, 74 L.Ed. 980 (1930); Wright, Federal Courts § 50, p. 165 (1963). See also Oklahoma Gas & Elec. Co. v. Oklahoma Packing Co., supra; California Water Serv. Co. v. City of Redding, supra note 2.

10. Since the three-judge panel so clearly lacked statutory authority to hear counts two through six, I do not decide whether, in cases here the claims are colorably within the statutory jurisdiction of the three-judge court, the determination of that court's jurisdiction should be made exclusively by the Chief Judge of the Circuit or should be left to the three-judge court.