**Earnest Willie POLK, Plaintiff,**

v.

**Buford ELLINGTON, Governor of The State of Tennessee, David Pack, Attorney General of the State of Tennessee, Phil M. Canale, Jr., District Attorney General for the Fifteenth Judicial Circuit of Tennessee, Defendants.**

**Civ. A. No. C–70–48.**

United States District Court,
W. D. Tennessee, W. D.

March 5, 1970.

Supplemental Order April 6, 1970.

Joseph L. Mercer, II, Memphis, Tenn., for plaintiff.

Thomas E. Fox, Deputy Atty. Gen. of Tennessee, Nashville, Tenn., for Buford Ellington and David Pack.

Eugene Gaerig, Asst. Dist. Atty., Memphis, Tenn., for Phil M. Canale, Jr.

### MEMORANDUM DECISION AND ORDER

BAILEY BROWN, Chief Judge.

In this action, which was brought as a class action, plaintiff seeks an injunction against his pending criminal prosecution in the Criminal Court of Shelby County, Tennessee and seeks a declaration that T.C.A. § 39–707, which defines and fixes the penalty for "Crimes against Nature,"

is unconstitutionally overbroad and vague and is unconstitutional as applied to him.[1] He demands a three-judge court to hear his claims.

It appears from the complaint that plaintiff has been indicted under the aforesaid statute and that the conduct alleged as the basis for the State indictment is an "unnatural" sexual act committed by plaintiff, who is 63 years of age, upon his 11-year old granddaughter, the specific act being described in the indictment and the complaint. There is no allegation that the State prosecutors are acting in bad faith. There is no allegation that plaintiff has even raised the claimed federal constitutional issues in the State proceedings.

In considering whether to ask the Chief Judge of the Sixth Circuit to convene a three-judge court, we must determine whether the complaint presents a substantial federal constitutional question that should be adjudicated at this time by such a court. Landry v. Daley, 280 F.Supp. 929 (N.D.Ill.1967).

■ The first question is whether this criminal prosecution could be enjoined in spite of the fact that it was pending when the instant action was filed. Title 28 U.S.C. § 2283 seems to prohibit such an injunction, but it has been argued that 42 U.S.C. § 1983 and related "civil rights" statutes create an exception. As recently as Cameron v. Johnson, 390 U.S. 611, at 613, n. 3, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968) the Supreme Court alluded to this question and then avoided it. In Brooks v. Briley, 274 F.Supp. 538, 552 (M.D.Tenn.1967), a decision by a three-judge court on which Chief Judge Phillips of this Circuit sat, it was held that § 1983 creates no exception to the proscription in § 2283 of injunctions against pending prosecutions and that therefore a pending criminal prosecution cannot be enjoined. There has been no holding by our Court of Appeals itself on this question, and

therefore we conclude that Brooks v. Briley accurately states the law of this Circuit at this time.

■ Further, and aside from the question whether a *pending* prosecution can ever be enjoined, it appears that the complaint does not state a claim for an injunction against even future prosecutions. There is not, as stated, any allegation of bad faith on the part of the prosecuting authorities as there was in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and in *Cameron, supra*; nor are we dealing with a statute which would, if it was overbroad or vague, chill the exercise of important First Amendment rights such as those that were at stake in *Dombrowski* and *Cameron, supra*. Thus we do not have the "special circumstances * * * requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction." Cameron, *supra*, 390 U.S. at 618, 88 S.Ct. at 1339.

■ Next, the plaintiff seeks, in addition to injunctive relief, a declaration that the involved criminal statute is unconstitutionally overbroad and vague. In this connection the plaintiff undoubtedly relies upon Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). In *Zwickler* the Supreme Court held that a three-judge court should not abstain from making a declaration on the constitutionality of a state statute simply because a complaint does not allege "special circumstances" sufficient to justify injunctive relief. The Court further held that the situation in *Zwickler* did not present a situation in which a three-judge court could abstain from making a declaration. We do not believe that the holding in *Zwickler* requires that a three-judge court make a declaration on the constitutionality of the statute attacked in the instant case, for the circumstances of this case are considerably different from those in

---

1. This statute provides: "39–707. Crimes against nature—Penalty.—Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary not less than five (5) years nor more than fifteen (15) years."

### 1352

*Zwickler.* First, it was conceded in *Zwickler* that state court construction could not render unnecessary a decision on the constitutional questions involved. In the instant case it does not appear that the constitutional questions raised in the complaint have ever been presented to the Tennessee State courts and thus it is possible that the State courts will be able to interpret the statute in question in such a way as to avoid the constitutional issues. Second, and more importantly, the statute in *Zwickler* was one which allegedly chilled important First Amendment rights to free expression. Such First Amendment rights are afforded a particular protection beyond that afforded other constitutional rights and the basis of the holding in *Zwickler* is that the doctrine of abstention is not compelling when there is a likelihood that the exercise of important First Amendment rights will be chilled through the delay caused by the ordinary course of appeals. No such important First Amendment rights are at stake here and hence the reasoning and holding of *Zwickler* do not apply.[2] We may also note that the doctrine of overbreadth, which allows a plaintiff charged with hard core conduct that clearly could be punished under the statute to complain that the statute sweeps two broadly so as to include constitutionally protected activity, is a doctrine which indeed cannot be invoked in any case unless important First Amendment rights are at stake; and "the vice of statutory vagueness, in the area of the first amendment, is often very intimately related to the vice of overbreadth." Note, "The Overbreadth Doctrine," 83 Harv. L.Rev. 844, Id. 845, n. 5.

Lastly, plaintiff alleges that even if the involved statute is neither overbroad nor vague, it is being unconstitutionally applied to him. We assume that plaintiff by such allegation means that the conduct with which he is charged cannot, under the federal constitution, be made criminal, that is to say, that the conduct with which he is charged is protected activity under the federal constitution. We know of no federal constitutional provision that protects such conduct.[3]

As indicated by the foregoing, we are presently of the opinion that plaintiff's claim, as stated in the complaint, to an injunction or declaratory relief presents no substantial federal constitutional question that should be adjudicated at this time by a three-judge court and therefore we believe that we should not now notify the Chief Judge of the Circuit to convene a three-judge court. Indeed we see no substantial constitutional question to be adjudicated now by a one-judge court.[4] We invite a motion to dismiss from defendants and will consider these matters further on the argument of the motion to dismiss.

It is therefore ordered that request for a convening of a three-judge court will not be made until further argument on a motion to dismiss.

### SUPPLEMENTAL ORDER

In our memorandum decision and order of March 5, 1970, we concluded that it was extremely doubtful whether the complaint presented a substantial question as to plaintiff's right to an injunction or even to a declaration on the ground of the facial unconstitutionality of the involved statute. We have since

2. For a very recent discussion of the abstention doctrine, see Reetz v. Bozanich, 396 U.S. ——, 90 S.Ct. 788, 24 L.Ed.2d —— (Decided February 25, 1970). This opinion indicates that the doctrine may be taking on new life.

3. The allegation of unconstitutional application would in any event address itself to the one-judge court. Landry v. Daley, 288 F.Supp. 194, 197 (N.D.Ill.1968).

4. We do not mean to intimate an opinion as to whether the involved criminal statute is so vague as to be unconstitutional on its face under the due process clause of the Fourteenth Amendment. This issue can be litigated, of course, in the State courts and ultimately, by certiorari, in the Supreme Court of the United States.

heard argument on defendants' motions to dismiss and are satisfied now that the complaint does not, for reasons set out in our prior memorandum, present a substantial question as to plaintiff's entitlement to an injunction. We are also satisfied now that the complaint does not present a substantial question as to plaintiff's entitlement at this time to a declaration since, for reasons set out in our prior memorandum, abstention is clearly required. Accordingly, we are not notifying the Chief Judge of the Circuit to empanel a three-judge court.

 In our prior memorandum, we ruled that the complaint does not present a substantial question as to whether the involved statute is being unconstitutionally applied to plaintiff. Accordingly, plaintiff is not entitled to a hearing by a one-judge court on that issue.

While we are invoking the doctrine of abstention here, we are not dismissing the action since that is not the preferred course even where the doctrine of abstention is invoked. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967).

In our prior memorandum, we pointed out in a footnote that we were not ruling that the involved statute is not unconstitutionally vague. See Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). For completeness, we should also say that, since the statute is arguably applicable to certain kinds of sexual activity between married persons carried on in the privacy of the home, it may be unconstitutionally overbroad. See Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

It is therefore ORDERED that all proceedings in this action be stayed pending further orders of this court.

It is the view of this court that the invocation of the abstention doctrine and particularly the invocation of the doctrine by one-judge rather than by a three-judge court involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. It is therefore recommended that plaintiff be allowed a discretionary appeal at this time under 28 U.S.C. § 1292 (b).