Mousa I. DABABNAH, Plaintiff,

v.

WEST VIRGINIA BOARD OF
MEDICINE, et al.,
Defendants.

Civil Action No. 5:98–0639.

United States District Court,
S.D. West Virginia.

July 9, 1999.

Mousa I. Dababnah, M.D., Beaver, WV,
pro se.

John C. Yoder, Harpers Ferry, WV, for
Mousa I. Dababnah, M.D.

Eric A. Collins, Michael W. Blake, Pullin, Knopf, Fowler & Flannagan, Beckley,
WV, for West Virgina Board of Medicine,
Ronald D. Walton, A. Paul Brooks, Jr.,
M.D., Sarjit Singh, M.D., Henry G. Taylor,
M.D.

David F. Nelson, Schumacher, Francis,
Stennett & Nelson, Charleston, WV, for
Sharan B. Dababnah.

Geoffrey A. Haddad, Gerard R. Stowers,
Bowles Rice McDavid Graff & Love,
Charleston, WV, for Richard Gunnoe, Ziegler & Gunnoe.

Ancil G. Ramsey, Steptoe & Johnson,
Charleston, WV, John M. Hedges, Byrne
& Hedges, Morgantown, WV, for Robert
A. Burside.

## AMENDED ORDER

FABER, District Judge.

Pending before the court is defendant
the Hon. Robert A. Burnside's motion to

certify this court's Order of May 11, 1999 for interlocutory appeal, and to stay proceedings pending appeal. Plaintiff filed a response, agreeing in part, with defendant Burnside's motion. Defendant Burnside asks this court to amend its May 11th Order to include a finding pursuant to 28 U.S.C. § 1292(b), and find "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C.A. § 1292(b) (West 1993).

■ The parties agree that this court's ruling on a narrow exception to the Rooker–Feldman doctrine is an appropriate issue for interlocutory appeal. Chief Judge Posner's ruling on the doctrine in Nesses v. Shepard, 68 F.3d 1003 (7th Cir.1995), relied on by this court, has not been addressed by the United States Court of Appeals for the Fourth Circuit, and application of the doctrine and any exceptions goes to the subject-matter jurisdiction of this court over claims against Judge Burnside. In addition, the parties contend that a stay of proceedings pending appeal would promote judicial economy and avoid waste of resources in the event that the court of appeals does not uphold this court's ruling. Therefore, the court agrees with the parties in this case and will GRANT defendant's motion to certify the Order of May 11, 1999 for interlocutory appeal on the issue of the Rooker–Feldman doctrine. In addition, a stay will be granted as outlined below.

The plaintiff contests the remainder of defendant Burnside's motion for an interlocutory appeal. Specifically, plaintiff objects to defendant's request that this court certify the Younger abstention issue. Defendant Burnside cites one case in support of the notion that abstention is a controlling question of law. See Polk v. Ellington, 309 F.Supp. 1349 (W.D.Tenn. 1970). The court notes that in its Order of May 11, 1999, there are similarities in

the analysis under both the Rooker–Feldman exception and Younger abstention. Therefore, it would be appropriate and in keeping with concerns for judicial economy to certify the Younger abstention issue as well, and the court will GRANT defendant Burnside's motion on that issue.

Defendant Burnside further asks for an interlocutory appeal of this court's ruling that plaintiff has stated a claim under 42 U.S.C. § 1985(2). The court agrees with plaintiff that defendant's motion to dismiss plaintiff's § 1985 claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is not in keeping with the purpose of 28 U.S.C. § 1292(b) and is, therefore, not an appropriate question for interlocutory appeal. The court will DENY defendant's motion on that issue.

■ Defendant Burnside further asks for a stay in proceedings until the Fourth Circuit declines to hear an interlocutory appeal or has decided the issues raised. This is a complex case with a number of facets. Because much of the discovery in this case is interrelated, a stay regarding discovery matters and the trial schedule for most of the counts in the complaint would be appropriate. Therefore, pursuant to 28 U.S.C. § 1292(b), upon application within ten (10) days of this Order by defendant Burnside for immediate appeal to the United States Court of Appeals for the Fourth Circuit, the court will STAY all discovery in this case. The case will proceed as scheduled with regard to motions filed pursuant to Federal Rule of Civil Procedure 12(b). In addition, this case shall proceed as set forth in the current scheduling order with regard to the first three counts of the second amended complaint which challenge the constitutionality of West Virginia's law on "Enforcement of Support Order Through Action Against License", W.Va.Code §§ 48A–5A–1 to 48A–5A–6 (1998), and the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104–193, 110 Stat. 2105, because these issues are unre-

lated to those certified for interlocutory appeal and involve no discovery.

For the reasons stated above, the court **ORDERS** that the Order of May 11, 1999, be **AMENDED** to **CERTIFY** the *Rooker–Feldman* doctrine and *Younger* abstention issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). If application for appeal is made within ten (10) days of entry of this Order, all discovery shall be **STAYED,** and this case shall proceed only with respect to motions pursuant to Federal Rule of Civil Procedure 12(b) and the First, Second and Third causes of action in the second amended complaint. Defendant Burnside is directed to notify all counsel of record and Magistrate Judge Mary S. Feinberg if such application is made.

The Clerk is directed to send copies of this Order to counsel of record.

**IT IS SO ORDERED.**