## BRASHEAR FREIGHT LINES, Inc., et al. v. PUBLIC SERVICE COMMISSION OF MISSOURI et al.

No. 665.

District Court, W. D. Missouri, Central Division.

Nov. 13, 1941.

Kenneth Teasdale and B. W. LaTourette, both of St. Louis, Mo., for plaintiffs.

Roy McKittrick, Atty. Gen., Arthur O'Keefe and Vane C. Thurlo, Asst. Attys. Gen., and James H. Linton, Gen. Counsel, Lester G. Seacat, Asst. Counsel, Public Service Commission, and Louis V. Stigall, Chief Counsel, and Wilkie B. Cunnyngham, Asst. Counsel, State Highway Commission, all of Jefferson City, Mo., for defendants.

COLLET, District Judge.

Plaintiffs seek a summary judgment fixing the limit of their liability to the State in this proceeding at the amount of an injunction bond they executed.

Plaintiffs are interstate motor carriers of freight. They joined as plaintiffs in

an action to enjoin and restrain the State of Missouri from collecting fees fixed by a Missouri statute for plaintiff's operation over the highways of that State. A temporary restraining order was asked and issued upon the filing by plaintiffs of a bond, insuring the payment by plaintiffs into a special fund of all fees which would be owing by them to the State in the event the statute was found to be valid. The initial bond was for $10,000. Subsequently a second bond for $20,000 with the same conditions was filed supplementing the first. The statute was held valid, and there was no appeal from that judgment. The State, represented by its interested agencies and representatives, had filed a pleading in the nature of a counterclaim asking, among other things, that an accounting be taken of plaintiffs' obligations to the State and a judgment given for such amount as might be found due. It was contended that plaintiffs had failed to pay into a special fund or to the State direct the fees which the statute called for. This counterclaim was dismissed without prejudice. D.C., 23 F. Supp. 865. The State attempted to appeal from the order dismissing its counterclaim direct to the Supreme Court. The appeal was dismissed for want of jurisdiction. 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608. The State then filed a motion entitled a motion for damages in which it again asked that an accounting be taken in this proceeding for the purpose of determining the extent of plaintiffs' obligation to it for fees owed under the statute. From an order of the District Court (statutory three-judge court) denying the motion an appeal was taken to the Court of Appeals, which affirmed. 8 Cir., 114 F.2d 1. Certiorari was granted, 311 U.S. 642, 61 S.Ct. 392, 85 L.Ed. 410,. and the Supreme Court remanded the cause to the District Court with directions that an accounting be taken by a single judge. See Public Service Commission of State of Missouri et al., v. Brashear Freight Lines, Inc., et al., 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083.

Plaintiffs' motion seeks a summary judgment fixing the extent of their obligation to the State in the pending proceedings for an accounting at the limit of the penal obligation of the two injunction bonds. In considering the merits of plaintiffs' contention that the amount of the injunction bond limits any possible recovery, the first consideration is the determination of the question of what damages an ortho-

dox injunction bond, without special provisions, covers. By that means the application of the authorities cited by plaintiffs to the effect that the amount of the injunction bond determines the amount of recovery, may be determined. From an examination of those cases, and others, the rule may safely be stated in general terms to be that the injunction bond proper indemnifies the restrained party for such damages as may be suffered from the restraint occasioned by the issuance of the injunction and does not ordinarily have any limiting effect upon the amount of the debt, the present and immediate collection of which has been restrained by the injunction. If the present proceeding was clearly and indisputably one for the collection of the primary obligation of the plaintiff carriers to the State, there could be no serious doubt that the injunction bond did not alter and may not limit the amount of that debt. But plaintiffs insist that the action for the primary obligation—the debt, has been adjudicated finally by the failure of defendants to properly appeal from the District Court's refusal to permit the prosecution of the counterclaim for that debt in this proceeding. It is further argued that since the pursuit of a judgment for the primary obligation—the collection of fees owed the State, has been barred for the reasons stated, the present proceedings consist only of the collection of such damages as may be recoverable on the injunction bond, as such. The result contended for is that the general rule to the effect that damages recoverable on an injunction bond are limited to the principal amount of the bond applies and the recovery herein is limited to the amount of those bonds,—$30,000. If the premise be accepted that this is now a proceeding for the collection of damages caused by the restraint resulting from the injunction, as distinguished from the damage constituting the loss to the State of fees owed it, plaintiffs' contention might well be correct. But the defendants' motion, which was overruled by the District Court and sustained by the Supreme Court, was for an accounting of the fees owed the State by these plaintiffs and for a judgment against them for the amount found to be due the State from them, as well as for a judgment against their surety on the bonds in question "up to the total amount of its (the surety's) liability." When the Supreme Court passed upon that motion and sustained it, the mandate to the District Court

954

was to take an accounting in this action for the purpose of determining what, if anything, the plaintiffs owed the State. It seems at least idle for this court to consider plaintiffs' argument that the Supreme Court did not intend to direct the ascertainment of the amount of fees which plaintiffs might owe the State as well as damages which may have been suffered "within the terms of and conditions of the injunction bond," when the flat direction of the opinion and mandate is to take an accounting of the fees owed. Neither is it an enterprise from which any good could possibly result for this court to contemplate the question of whether the State's claim for fees owed it by plaintiffs has been adjudicated when the Supreme Court has directed that that claim be adjudicated by an accounting. And that is true whether the State's claim be called a "Motion for Damages" or a "Counterclaim".