**Frank C. PABST, Helen R. Pabst**

**v.**

**Gary CAMPBELL, United States District Director of Internal Revenue for the Indiana Internal Revenue District; Commercial Distillers Corporation.**

**No. IP 56–C–226.**

United States District Court
S. D. Indiana, Indianapolis Division.

April 3, 1957.

Rosenfeld, Wolfe & Allen, Terre Haute, Ind., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for plaintiff.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., for Int. Rev. Service.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, Gambill, Dudley, Cox, Phillips & Gambill, Terre Haute, Ind., for Commercial Distillers.

Before SWAIM, Circuit Judge, STECKLER, Chief Judge, and HOLDER, District Judge.

PER CURIAM.

On August 21, 1956, plaintiffs herein filed their complaint praying a permanent injunction, an interlocutory injunction, and a temporary restraining order, all of which were requested to restrain each defendant from certain conduct under certain provisions of the Internal Revenue Code of 1954, which, for convenience, may be referred to as the "force-out" provisions. Provisions relevant to the force-out operation may be found at 26 U.S.C.A. §§ 5001, 5004, 5005, 5006, 5011, 5061, 5194(f), 5232, 5247 and 5625. Relevant regulations are found in the Warehousing of Distilled Spirits Regulation, Title 26 C.F.R. (1954) Part 225, §§ 225.424, 225.426, 225.430, 225.431, 225.510, 225.511, 225.512, 225.513. See also Revenue Ruling 55–379 I.R.B. 1955–51, 23 and Alcohol and Tobacco Division of Internal Revenue Service Industry Circular 56–17. The restraint was sought to protect a large quantity of whiskey stored in defendant Commercial's warehouses but belonging to plaintiffs by virtue of a number of warehouse receipts which plaintiffs owned. The theory supporting the claim for injunctive relief was that the force-out provisions were unconstitutional, because of this assertion a three-judge court became necessary, and this court was convened on August 30, 1956.

Prior to the convention of this court, a temporary restraining order was, on August 21, 1956, issued as prayed by the single judge to whom the cause had been assigned. On August 23, 1956, service was had on each defendant, and on August 27 defendant Commercial filed,

among other things, its motion to dismiss. Defendant Campbell, United States District Director of Internal Revenue for the Indiana Internal Revenue District, filed a similar motion on September 5, and Commercial filed a memorandum supporting its motion to dismiss the same day. The single judge, on the same day, entered an order extending the temporary restraining order, increasing plaintiffs' bond from $10,000 to $25,000, but withholding ruling on the two motions to dismiss.

On October 5 this court, pursuant to plaintiffs' request and after a hearing, entered an interlocutory injunction as prayed; at the hearing Commercial orally renewed its motion to dismiss. On October 29 Commercial moved for a hearing on its motion, and the following day this court by an order disposing of certain motions reserved ruling on each defendant's motion to dismiss until the trial on the merits. The District Director, on November 1, moved for a hearing on his motion and, subsequently, filed his brief in support of his motion to dismiss on November 15.

A trial was commenced on November 19, 1956, and concluded the following day. At the conclusion of all the evidence each defendant orally renewed and requested the refiling of its respective motion to dismiss; these motions were taken under consideration. Each defendant at that time also moved to dissolve the interlocutory injunction, and defendant Commercial moved that the bond be increased. The court after considering the motions ordered that the bond be increased from $25,000 to $500,000 within ten days or, if it was not, that the interlocutory injunction would be dissolved. On the 3d of December, at the request of Commercial, the court found that the order had not been complied with and that the interlocutory injunction was therefore dissolved. On December 5 plaintiffs belatedly filed the additional bond and applied for a temporary restraining order, which was denied, and moved for reinstatement of the interlocutory injunction. The Director on December 18 filed objections to the plaintiffs' motion for reinstatement of the interlocutory injunction.

On the 7th of January, 1957, plaintiffs filed a motion for "rescission of post-trial briefing schedule," to which Commercial filed an answer brief on February 1. On January 14, 1957 the court orally advised counsel for the parties that the consideration by the court of the plaintiffs' motion for rescission of the post-trial briefing schedule would be held in abeyance for a reasonable time in order to permit the parties to have an opportunity by conference to agree upon an appropriate procedure by which the cause could be disposed of. Subsequently, plaintiffs filed their own motion to dismiss without prejudice for mootness; they have also requested permission to withdraw their motion for reinstatement of the interlocutory injunction and their motion for "rescission of post-trial briefing schedule," and they have moved for the return of the additional bond of $475,000 which was previously filed. Commercial filed briefs in answer to these motions and moved that the action be dismissed as to it with prejudice and that damages be assessed for wrongful injunction. Plaintiffs filed a brief in answer to Commercial's motion and supporting their own.

Thus it appears that the parties are agreed that the action should be dismissed, and the immediate question which remains between plaintiffs and defendant Commercial is whether it should be dismissed with or without prejudice.

Plaintiffs urge that the claim for injunctive relief is moot because the whiskey which is the subject of the action has, since the interlocutory injunction was dissolved, been either sold (and tax-paid) or redistilled; redistillation is, under the force-out provisions, tantamount to destruction of the original whiskey. The whiskey, it is urged, which the prayer of the complaint sought to protect is gone and with it this court's power to act.

Commercial on the other hand asks this court to consider its earlier motions to dismiss on the merits first and, that failing, then to overrule plaintiffs' motion and, instead, dismiss with prejudice for failure to prosecute and for failure to comply with court orders.

■■ The occurrence of conduct previously restrained does not always end a controversy or render a lawsuit moot. See United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303. Where, however, the only relief prayed is the restraint of certain acts with reference to particular property, and the property is destroyed, that claim and the objections to it can only be of academic interest, and the lawsuit, if no other claims have been made, is moot. If the claim is moot and no cross- or counter-claims have been filed, the defenses to the claim, whether raised by motion or answer, are similarly moot. This controversy, to the extent it is embodied by the prayer for injunctive relief—the only claim made in this suit—is so far concluded (save for two matters hereinafter mentioned) that it is difficult to conceive how the same claim could ever be pressed again, and it seems an idle act for this court to declare that this claim is prejudiced or that it is not. However, for what it may be worth, to declare a moot claim prejudiced, it would seem fair to do so because the plaintiffs have gone so far forward with the action. But Commercial's motion for dismissal with prejudice for failure to prosecute and for failure to comply with the court orders is based on plaintiffs' failure to raise a $475,000 bond within ten days and on plaintiffs' request to be excused from post-trial briefing at a time before the whiskey was wholly destroyed (plaintiffs in their motion set out that about one-third of the whiskey was then in existence). This seems to raise severe standards and to reach an unnecessary and harsh result, when the dispute was actually ended by mootness and not a voluntary abandonment.

■ The heart of the disagreement apparently lies in the possibility, suggested in the briefs, that the plaintiffs might now sue Commercial for conversion of their whiskey. It seems fruitless for this court to undertake to exercise prescience, even if we were possessed with it, and anticipate the actions of the plaintiffs hereafter. Even if we assume plaintiffs have a claim against Commercial for conversion of their whiskey, which we do not, such claim could not have accrued until after the hearing on the merits in this cause. Moreover, such a claim would not fall within the small ambit of power vested in this court by 28 U.S.C.A. § 2282.

The only matters yet undisposed of which would appear to require action, in view of the conclusions reached above, are the plaintiffs' motion for return of bond and Commercial's motion for assessment of damages for wrongful injunction. Commercial agrees to the withdrawal of the additional bond, which was filed too late to be effective, if plaintiffs are required to file a copy thereof to preserve a complete record; in this regard the court has had a photostatic copy made of the bond and it will be made a part of the file. On the matter of assessing damages, it has been called to the court's attention that prior to the revision of the Judicial Code in 1948 such a motion was beyond the statutory purpose of a three-judge court. Public Service Commission v. Brashear Freight Lines, 1941, 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083. The language of the provision for three-judge courts in the old Judicial Code was, though not identical, substantially the same as that of 28 U.S.C.A. § 2282 today. 50 Stat. 752 (1937), 28 U.S.C. § 380a (1940 ed.). And the decision announced by the Supreme Court in the Brashear case, supra, is probably the law today. See Moore's Federal Practice ¶ 65.10[2] n.12 and accompanying text.

It is, therefore, accordingly ordered that the claim asserted by plaintiffs herein be dismissed with prejudice for mootness, that the clerk of the court forthwith return to the plaintiffs the additional bond filed by plaintiffs on December 5,

1956, that this cause, with only defendant Commercial's motion for assessment of damages for wrongful injunction remaining, be remitted to the single district judge to whom this cause was originally assigned for appropriate action, and that this three-judge court be dissolved.

HOLDER, District Judge (concurring).

In my opinion it is only necessary that I join as a member of the three-judge court with the order of dismissal. In concurring in part in the foregoing order of dismissal for mootness with prejudice, I expressly do so that my concurrence in no way decides whether or not the conditions of the injunction bond have been fulfilled or breached by the plaintiffs; and that the only matter decided by my concurrence in the order is that those issues and controversies before the three-judge court terminated for the want of subject matter before judgment but after a trial upon the merits.

It is for the single judge court to determine whether or not the plaintiffs inflicted an actionable wrong, that is, whether or not the plaintiffs breached the injunction bond's conditions and to follow the procedure pursuant to Rule 65 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Mr. Justice Holmes in the case of Wingert v. First National Bank of Hagerstown, 223 U.S. 670, 32 S.Ct. 391, 56 L.Ed. 605, recognized authority for the proposition that even though the subject of an injunction action may be destroyed yet an actionable wrong may be committed which would prevent the court from losing jurisdiction and in such case the action should be retained for the assessment of damages.

The order is proper in acknowledging the termination of the three-judge court's jurisdiction and the continuance of the single judge court's jurisdiction for the determination of the motion for assessment of damages for wrongful injunction.

I do not believe it necessary or helpful to the remaining undisposed segment of the case for damages to join in the order's reasons and recitations; nor to join in the order's action in return of the tendered bond as such is the function of the single judge court consistent with the termination of the three-judge court's jurisdiction.