Sharron A. **FRONTIERO** and Joseph Frontiero, Plaintiffs,

v.

Melvin R. **LAIRD**, as Secretary of Defense, his successors and assigns, et al., Defendants.

Civ. A. No. 3232–N.

United States District Court,
M. D. Alabama, N. D.

June 14, 1971.

J. J. Levin, Jr., Levin & Dees, Montgomery, Ala., for plaintiffs.

L. Patrick Gray, III, Asst. Atty. Gen., Harland F. Leathers and Jeffrey F. Axelrad, Attys., Civ. Div., U. S. Dept. of Justice, Washington, D. C., Ira DeMent, U. S. Atty., and F. E. Leonard, Jr., Asst. U. S. Atty., U. S. Dept. of Justice, Montgomery, Ala., for defendants.

Before RIVES, Circuit Judge, and JOHNSON and McFADDEN, District Judges.

## OPINION
## ON MOTION TO DISSOLVE THREE-JUDGE COURT

PER CURIAM:

In support of their motion to dissolve the three-judge court, the defendants make two arguments: (1) that it is impossible for an injunction to issue here; (2) that the constitutional question presented is insubstantial.

### I. *Can injunctive relief be granted for plaintiffs?*

A three-judge district court is not required where a federal statute cannot be put under an equity decree, where there can be no interdiction of a statutory scheme. Flemming v. Nestor, 1960, 363 U.S. 603, 80 S.Ct. 1367, 4 L. Ed.2d 1435; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 1938, 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316.

Plaintiffs' opposition brief does a convincing job in distinguishing the cases relied on by defendants in support of their contention that no injunctive relief can possibly issue in this case.

In Flemming v. Nestor, *supra* and Gruenwald v. Gardner, 2 Cir. 1968, 390 F.2d 591, parts of the Social Security Act were challenged but no injunctive relief was sought. (In *Gruenwald*, declaratory relief was sought.) Plaintiffs argue that the review statute of the Social Security Act does not allow for in-. junctions nor class actions. This seems correct.

42 U.S.C. § 405 creates the structure under which social security benefit claims are to be handled. Section 405(h) makes the review provided by section 405(g) exclusive. The latter section permits judicial review of the Secretary's findings, and it is difficult to see how a class action could arise when only determinations of individual cases are reviewable. Furthermore, the judiciary's power to review is limited by the following sentence: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary * * *." This language seems not to allow for injunctive relief.

International Ladies' Garment Workers' Union v. Donnelly Co., *supra* and Petersen v. Clark, N.D.Cal.1968, 285 F.Supp. 693, stand for the rule that a plaintiff may not anticipate a defense in his pleadings. If he seeks an injunction against a statute which he feels the defendant will raise as a defense, the law is clear that the anticipated defense is mere surplusage, and does not call for the impaneling of a three-judge court.

There are some statutes which the courts are powerless to enjoin. The social security cases discussed above furnish one example where there may be no authorization to hear prayers for injunctive relief. Another example is the statutory prohibition from hearing challenges to the selective service law prior to induction.

In Petersen v. Clark, *supra*, Peterson challenged the constitutionality of 50 U. S.C. App. § 460(b)(3) which prohibits pre-induction judicial review of his selective service classification. The court's opinion dissolving the three-judge court followed International Ladies' Garment Workers Union v. Donnelly Co., *supra*, in holding that the plaintiff was raising the constitutional issue as an anticipated defense, but also felt Flemming v. Noster, *supra*, was controlling in that no federal statute would be put under an equity decree. If the court were to hold 50 U.S.C. App. § 460(b)(3) unconstitutional, it would merely give the court jurisdiction; no injunction would be issued.

The statutes which the plaintiffs here challenge do appear subject to be enjoined.

10 U.S.C. § 1072:

"In section 1071–1085 of this title:

\* \* \* \* \* \*

"(2) 'Dependent,' with respect to a member of or former member of a uniformed service, means—

"(A) the wife;

\* \* \* \* \* \*

"(C) the husband, if he is in fact dependent on the member or former member for over one-half of his support."

37 U.S.C. § 401:

"In this chapter, 'dependent,' with respect to a member of a uniformed service, means—

"(1) his spouse;

"(2) his unmarried legitimate child (including a stepchild, or an adopted child, who is in fact dependent on the member) who either—

"(A) is under 21 years of age; or

"(B) is incapable of self-support because of a mental or physical incapacity, and in fact dependent on the member for over one-half of his support; and

"(3) his parent (including a stepparent or parent by adoption, and any person, including a former stepparent, who has stood in loco parentis to the member at any time for a continuous period of at least five years before he became 21 years of age) who is in fact dependent on the member for over one-half of his support and actually resides in the member's household.

However, a person is not a dependent of a female member unless he is in fact dependent on her for over one-half of his support. For the purposes of this section, the relationship between a stepparent and his stepchild is terminated by the stepparent's divorce from the parent by blood."

The other statutes sought to be enjoined, 10 U.S.C. § 1076 and 37 U.S.C. § 403, and the Air Force Regulation 30–20 utilize the above definitions of "dependent" in setting out entitlement to medical care and housing benefits.

■ Since the plaintiffs have brought a class action specifically requesting an injunction restraining the enforcement, operation or execution of Acts of Congress, a three-judge court is required where there is no statute prohibiting such relief and where injunction can be an appropriate form of relief.

■ It is comforting to note that if we should be mistaken in holding that a three-judge court is required, our error will be harmless in the event the judge to whom the application for injunction was presented joins with one or both of the other judges in this Court's ultimate decision. Public Service Commission of Missouri v. Brashear Freight Lines, Inc., 1941, 312 U.S. 621, 626, 61 S.Ct. 784, 85 L.Ed. 1083; Browder v. Gayle, M.D. Ala.1956, 142 F.Supp. 707, 713.

II. *Is the constitutional question insubstantial?*

■ The basis for defendants' argument is Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. The rule is well settled that if the federal question has already been litigated to the extent that it is "foreclosed as a litigable issue," a three-judge court is not needed.

Defendants cite several cases dealing with both state and federal law which upheld a legislative classification based on sex if it was supported by a rational basis.

Whether a "rational basis" is sufficient to meet due process requirements does not appear to be very well settled in sex classification cases.

■ The defendants have not made such convincing argument that the issue of challenges to legislative sex classification via due process rights is so foreclosed by prior litigation as to make the constitutional question presented insubstantial.

An order is entered denying the defendants' motion to dissolve the three-judge court.