**Richard MADER et al.**

**v.**

**Gentry CROWELL et al.**

**No. 78–3079.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Jan. 20, 1981.

John L. Ryder, Laughlin, Halle, Regan, Clark & Gibson, Memphis, Tenn., for plaintiffs.

Brooks McLeMore, Atty. Gen., and Wm. W. Hunt, III, Asst. Atty. Gen., Nashville, Tenn., for defendants.

Before MORTON, Chief District Judge, and PHILLIPS and BAILEY BROWN, Circuit Judges.

## MEMORANDUM

MORTON, Chief District Judge.

*I. Introduction:*

Plaintiffs in this reapportionment action have filed an application for an award of attorney's fees pursuant to 42 U.S.C. § 1988. This court having previously held that the plaintiffs are entitled to attorney's fees, Memorandum Opinion January 15, 1979, the only issue now is the determination of the proper amount of that entitlement.

Attached to plaintiffs' application is a summary of the hours expended in the preparation, litigation and appeal of this lawsuit, as well as a list of other expenses incurred. Compensation is requested at the rate of $75 per hour for the attorney's time and $20 per hour for the time of legal assistants. In addition, plaintiffs have asked that the portion of the claimed fees attributable to previous calendar years be adjusted upward by an inflation factor derived from the Consumer Price Index as published by the United States Department of Commerce. The court is next asked to adjust the total upward by one-third to account for the "contingent nature of the case." Finally, the plaintiffs have included $1,000 in estimation of the amount expended in the preparation, negotiation and presentation of the application for attorney's fees. The total award requested is $54,-423.83.

Defendants have challenged the plaintiffs' computation in four particulars. First, it is argued that the award should not include amounts expended after March 7, 1980, for reasons which will be discussed in detail, *infra*. Second, it is urged that the inclusion of an inflation factor for fees and expenses attributable to prior years is improper. Third, the defendants contend that the award should not be adjusted upward to allow for a contingency factor. And fourth, the claimed expenses are challenged on the basis of inadequate documentation of long distance telephone calls.

 As a preliminary matter, the court feels compelled to consider the propriety of a single-judge determination of the attorney's fee issue. This case was tried to a three-judge court as required by 28 U.S.C. § 2284(a). However, as a general proposition, once the three-judge court has entered its judgment, the single judge before whom the action was initially filed may take subsequent actions necessary to enforce the judgment. *See, e. g., Hamilton v. Nakai*, 453 F.2d 152 (9th Cir. 1972), *cert. denied* 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972) (purpose of three-judge court is fulfilled when its judgment is entered, and single judge may act to enforce judgment); *Allen v. County School Board of Prince Edward County*, 249 F.2d 462 (4th Cir. 1957) (single judge may fix time for complying with three-judge desegregation order); and *Pabst v. Campbell*, 150 F.Supp. 71 (S.D.Ind. 1957) (following judgment of three-judge court, single judge may assess damages and costs against plaintiffs and their injunction bond sureties). In interpreting a prior three-judge statute, the Supreme Court

held that following the dissolution of a three-judge court convened to consider an injunction against the enforcement of a state law, a subsequent hearing on damages should be before a single judge. *Public Service Commission of State of Missouri v. Brashear Freight Lines, Inc.*, 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083 (1941). Therefore, the court concludes that the issue of attorney's fees is one which may properly be determined by a single judge, and that there is no need to reconvene the three-judge court to consider this issue.

This court's role in assessing a statutory award of attorney's fees is controlled by *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), *cert. denied* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). *Northcross* mandates "an analytical approach, grounded in the number of hours expended on a case," and the attorney's normal, hourly billing rate. *Id.*, at 642–43. It was concluded by the court that this approach would automatically consider all of the various factors previously thought to be relevant, such as the novelty or difficulty of the legal question, and the level of skill required to represent the client adequately. *Northcross* allows the court, in a proper case, to make "adjustments upward ... to reflect the contingency of the fee, unusual time limitations and the 'undesirability' of the [particular] case." *Id.*, at 643. Thus, the court is required to make an essentially ad hoc determination of reasonable attorney's fees in each particular case, based always upon the hours spent and a reasonable hourly rate of service. To the extent that claimed compensation is disallowed, the court must state specifically the reasons for such action. *Id.*, at 637.

Using *Northcross* as a guide, the court will now consider defendants' four specific objections to the plaintiffs' proposed calculation of attorney's fees.

## II. The Defendants' Objections:

### A. Hours Includible—The Prevailing Parties Problem.

■ The issue before the court regarding the hours which may properly be included in an award of attorney's fees is this: May plaintiffs recover for the time spent by counsel in attacking the reapportionment plan enacted in response to this court's holding that the prior plan was unconstitutional?

In the opinion of January 15, 1979, holding Tenn.Code Ann. § 3–102 unconstitutional, the three-judge court expressly retained jurisdiction over the cause pending enactment by the General Assembly of a constitutional plan of apportionment. The court stated that unless such a constitutional plan was enacted by June 1, 1979, the court would impose a plan of its own. The General Assembly responded by enacting Public Acts of 1979, Chapter 443.

In the meantime, defendants had appealed the decision of the three-judge court to the United States Supreme Court. In the face of the newly enacted legislation, that Court dismissed the appeal as moot, and instructed the district court to dismiss the action. *Crowell v. Mader*, 444 U.S. 806, 100 S.Ct. 25, 62 L.Ed.2d 18 (1979). Upon plaintiffs' petition for rehearing, the order of the Supreme Court was vacated, and the district court was directed to hold "such further proceedings as may be appropriate." 444 U.S. 505, 100 S.Ct. 992, 62 L.Ed.2d 701 (1980).

Plaintiffs then filed in this court a motion for further relief, challenging the constitutionality of the new apportionment plan, Chapter 443. This request for further relief was denied in an order and accompanying memorandum entered by the three-judge court on March 27, 1980. D.C., 498 F.Supp. 226. A subsequent petition to rehear filed on behalf of plaintiffs was similarly denied.

On the question of attorney's fees, the defendants contend that, inasmuch as plaintiffs were unsuccessful in their attack on the constitutionality of Chapter 443, they were not the prevailing parties within the meaning of 42 U.S.C. § 1988, the statute which authorizes attorney's fees. Plaintiffs have responded by arguing that the Sixth

Circuit decision in *Northcross, supra,* precludes reducing the award in this case on the basis of plaintiffs' failure to prevail on this last challenge.

As pointed out by plaintiffs, *Northcross* holds directly that in order to recover attorney's fees, the winning party need not prevail on every single issue in the litigation, and that the award may not be reduced to take account of issues as to which the prevailing litigant was unsuccessful.

> The question as to whether the plaintiffs have prevailed is a preliminary determination, necessary before the statute comes into play at all. Once that issue is determined in the plaintiffs' favor, they are entitled to recover attorney's fees for 'all time reasonably spent on a matter.' The fact that some of that time may have been spent in pursuing issues on research which was ultimately unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant. So long as the party has prevailed on the case as a whole the district courts are to allow compensation for hours expended on unsuccessful research or litigation unless the positions asserted are frivolous or in bad faith.

611 F.2d at 636.

Although the "issues" as to which the plaintiffs in the present case were unsuccessful were in some respects akin to an entirely new suit and are therefore distinguishable from the issues under consideration in *Northcross,* the language quoted above is nevertheless controlling. The three-judge court's memorandum opinion of January 15, 1979, expressly retained jurisdiction over the cause pending enactment of a constitutional plan of apportionment. Plaintiffs' counsel thus had an obligation to determine whether the newly enacted Chapter 443 was in fact constitutional. To that end, it was necessary to conduct discovery concerning the new act, and ultimately, in the opinion of counsel, to challenge the statute in court. That the attack alleged different constitutional violations than did the original complaint, and in the end proved unsuccessful, are both irrelevant

to the present question. The court cannot find that the motion for further relief was either frivolous or brought in bad faith. The motion was, despite the new issues raised, part of the same case on which plaintiffs are clearly the prevailing parties. Under *Northcross,* plaintiffs are entitled to recover attorney's fees for the time reasonably spent in the preparation and litigation of that motion.

## B. *The Inflation Factor.*

■ Plaintiffs argue that the award for fees and expenses incurred in 1978 and 1979 should be adjusted upward to accommodate the decreased purchasing power of current dollars paid for work done previously. They cite an increase in the Consumer Price Index of 26.1% from August 1978 to August 1980 and an increase of 12.8% from August 1979 to August 1980. The requested inflation increase would result in awarding plaintiffs an additional $3,615.84 in fees and expenses.

The argument for an inflation increase must be rejected. Plaintiffs are claiming an hourly rate for their services of $75 for the attorney's time and $20 for the time of legal assistants. In their application, it is stated that these rates are the "standard" charged by the firm with which plaintiffs' counsel is associated. Thus, these rates are apparently current, even though the time for all years involved is being billed the same. It can only be assumed that the rates charged by a law firm rise from time to time to reflect inflation, and it would result in a windfall to plaintiffs' counsel to once again adjust the figures. And, as stated by the court in *Northcross,* the purposes of the attorney's fees statute are to provide "adequate compensation to attract qualified and competent attorneys without affording any windfall to those who undertake such representation." 611 F.2d at 638. The court believes that an award of fees for all hours incurred based on the attorney's current hourly rate achieves the proper balance between these objectives.

## C. The Contingency Factor.

■ *Northcross* allows for an adjustment upward to account for the contingent nature of some cases, and plaintiffs argue that this is such a case. They ask for an increase of one-third of the total amount of fees incurred. The court, however, disagrees, and no such adjustment will be allowed.

Contingency adjustments are justified on the assumption that in a case where payment itself is contingent on victory, the attorney's normal hourly billing rate must be adjusted upward to compensate for the risk of possible non-payment. *Northcross*, 611 F.2d at 638. The court in *Northcross* set out some guidelines to help determine whether a contingency factor is justified in a particular case:

> Some cases ..., those in which the facts are strong and the law clear, pose little risk of losing, and the attorney's normal billing rate will be adequate compensation. Others, in developing areas of law, or where the facts are strongly disputed, will require a substantial upward adjustment to compensate for the risk.... The contingency factor is not a 'bonus' but is part of the reasonable compensation to which a prevailing party's attorney is entitled under § 1988.

*Id.*

In the present case, it can hardly be said that the requirement of one person one vote announced by the Supreme Court in *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), is a developing area of the law. And, in view of the rather large population disparities found to exist under the invalidated statute[1], neither can it be said that the facts were particularly uncertain. It does not appear to the court that this case presented plaintiffs' counsel with an extraordinarily high risk of non-payment. Of course, there was some risk that plaintiffs would not prevail. Some such risk is inherent in every case. Yet, *Northcross* makes clear that contingency awards should be allowed only in those exceptional cases in which they are needed to assure adequate compensation. This court believes that unless the risk of non-payment is substantially higher than is evident in the present case, a contingency adjustment is not warranted. The normal hourly rate by itself will result in reasonable compensation.

## D. The Long-Distance Telephone Charges.

All expenses claimed by plaintiffs in their application will be allowed. While there are a number of entries on the expense list which read simply "L.D. Call," there is no allegation, nor are there any circumstances to indicate, that the expenses were not claimed in good faith. To the contrary, plaintiffs' attorney has provided an affidavit which states that the expenses claimed are accurate and were necessarily incurred in the course of the litigation.

## III. Conclusion:

Plaintiffs will be allowed to recover for all time claimed in their application at the rates requested. This amounts to 422.2 hours attorney's time billed at a rate of $75 per hour,[2] and 71.3 hours of legal assistants' time, at a rate of $20 per hour. The total of the hours so charged is $33,091.00. In addition, plaintiffs may recover documented expenses in the amount of $4,704.75. Finally, in order to avoid further litigation, the court will accept plaintiffs' counsel's estimate of $1,000 as the amount reasonably incurred in the effort to recover attorney's fees under § 1988. The total amount to which plaintiffs are entitled is $38,795.75.

An appropriate order will be entered.

---

1. The percentage deviation from optimum, which was stipulated by the parties in advance of the original trial, ran as high as 10.47% from one district, and the gross maximum deviation was 18.03%.

2. Defendants do not question the reasonableness of the $75 per hour rate and obviously that rate is reasonable for this type of service.