Lois E. ADAMS, et al., Plaintiffs,

v.

William Jefferson CLINTON,
et al., Defendants.

Clifford Alexander, et al., Plaintiffs,

v.

William M. Daley, et al., Defendants.

Nos. CIV.98–1665LFOMBGCKK,
98–2187LFOMBGCKK.

United States District Court,
District of Columbia.

March 24, 1999.

Charles Alvin Miller, Thomas Samuel Williamson, Jr., Covington & Burling, Washington, DC, for Clifford Alexander, Clinton Allen, Annie C. Armstrong, McKinley Armstrong, Mary Ellen Arnold, Percy Battle, Wesley Brown, Andrew Bryant, Bonnie Cain, William Calbert, Oswald I. Cameron, Richard W. Carr, Dwight S. Cropp, Edward Eckenhoff, George O. Gibbs, Sr., A. Janelle Goetcheus, Michele Hagans, John Hechinger, Dorothy Height, Jehu Hunter, O.V. Johnson, Brenda Jones, Richard E. Jones, Kenneth Katz, Joan Keenan, Marguerite Kelly, Patricia King, Joyce A. Ladner, Debra L. Lee, Robert Low, Anna Marsh, David McDonald, Richard Moe, Luci Murphy, Brenda S. Nixon, Louise Perry, Vincent E. Reed, Brenda Lee Richardson, Clyde Richardson, Don E. Robinson, Albert J. Schmidt, Kathryn J. Schmidt, Betty Smalls, Lloyd D. Smith, Miles S. Steele, III, Henry Strong, H. Patrick Swygert, Hector Torres, Stephen Joel. Trachtenberg, Walter Washington, Frank H.F. White, Roger Wilkins, Eddie N. Williams, Ray Wilson, Joseph Wood, Willie V. Wood, Elizabeth Yancey, District of Columbia, plaintiffs.

Thomas B. Griffith, the United States Senate, Washington, DC, for James W. Ziglar.

John Russell Tyler, U.S. Department of Justice, Civ. Div., Washington, DC, for William M. Daley.

Kerry William Kircher, U.S. House of Representatives, Washington, DC, for Robin H. Carle.

Kerry William Kircher, U.S. House of Representatives, Washington, DC, Thomas B. Griffith, the United States Senate, Washington, DC, for Wilson Livingood.

Morgan John Frankel, the United States Senate, Washington, DC, Thomas B. Griffith, the United States Senate, Washington, DC, for Gary Sisco.

Morgan John Frankel, the United States Senate, Washington, DC, for Gregory S. Casey.

George Simons LaRoche, Takoma Park, MD, for Lois E. Adams, Floyd H. Agostinelli, Acie L. Byrd, Lawrence Gray Gray, Graylan Scott Hagler, Lawrence Benjamin Harris, Richard Hebert, Wimberly Higgs, Bette J. Hoover, Anise Jenkins, Rahim Jenkins, Marilyn Killingham, Dujuan Ricardo Malachi, Lamont B. Mitchell, Loree H. Murray, Anita O'Brien–Russell, Antoinette Quick, Sam Smith, Manuel Uriarte, Malcolm L. Wiseman, Jr., plaintiffs.

Theodore C. Hirt, John Russell Tyler, U.S. Department of Justice, Civ. Div., Washington, DC, Robert B. Ahdieh, Department of Justice, Civ. Div., Washington, DC, for William Jefferson Clinton.

Kerry William Kircher, U.S. House of Representatives, Washington, DC, for Robin H. Carle, Wilson Livingood, Jeff Trandahl, James M. Eagen, III.

Daniel A. Rezneck, D.C. Financial Responsibility & Management Assistant Author., Washington, DC, for District of Columbia Financial Responsibility & Management Assistance Authority.

Thomas B. Griffith, the United States Senate, Washington, DC, for James W. Ziglar.

Before GARLAND, Circuit Judge, and KOLLAR-KOTELLY and OBERDORFER, District Judges.

## MEMORANDUM

PER CURIAM.

On September 14, 1998, the District of Columbia and fifty-seven of its residents filed a complaint in *Alexander v. Daley*, challenging the lack of full representation for the District in the United States House of Representatives. Plaintiffs also filed a motion for the appointment of a three-judge district court, invoking the statutory requirement that such a court be convened "when an action is filed challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). After this suit was consolidated with a related case brought by other District of Columbia residents, *Adams v. Clinton*, a three-judge court was convened to hear both cases. *See Adams v. Clinton*, 26 F.Supp.2d 156 (D.D.C.1998). Defendants in these consolidated cases include the United States and Executive Branch officials (represented by the Department of Justice), officers of the House of Representatives (represented by the House's Office of General Counsel), and officers of the Senate (represented by the Senate Legal Counsel).

■ Pursuant to D.C. CODE ANN. § 1–361 (1992), the D.C. Corporation Counsel has represented the District throughout this litigation. On October 21, 1998, however, the President signed into law the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1998, legislation that includes the District of Columbia Appropriations Act for fiscal year 1999. *See* Pub.L. No. 105–277, 112 Stat. 2681, 2681–121 (1998). Section 151 of the D.C. Appropriations Act (the "budget rider") provides that:

> None of the funds contained in this Act may be used by the District of Columbia Corporation Counsel or any other officer or entity of the District government to provide assistance for any petition drive or civil action which seeks to require Congress to provide for voting representation in Congress for the District of Columbia.

*Id.* at 2681–145. An agent of the District of Columbia government is generally prohibited from spending money unless authorized by an Act of Congress, "and then only according to such Act." D.C. CODE ANN. § 47–304.

On November 13, 1998, in response to the passage of the budget rider, the District of Columbia filed a Motion for Leave to Continue Representation by the Corporation Counsel. The District argues that the rider violates the First Amendment by discriminating on the basis of viewpoint against proponents of D.C. voting rights, and that it violates the equal protection principle embodied in the Fifth Amendment by uniquely burdening District residents. The District "requests that the Court (1) declare the rider unconstitutional and, therefore, void, and (2) grant the District leave to continue in this case with full and unfettered representation by its Corporation Counsel." D.C. Mem. (Amended), at 2–3. In the alternative, the District requests an order interpreting the rider so as to permit continued participation by the Corporation Counsel in a pro bono capacity—i.e., without the expenditure of any government funds. For the reasons stated below, the District's alternative request is granted, and the motion otherwise dismissed for lack of jurisdiction.

## I

We first consider the District's alternative request that the Corporation Counsel be permitted to proceed pro bono. In the District's view, the budget rider does not completely bar the Corporation Counsel from appearing on its behalf. Rather, the District interprets the rider as merely prohibiting government employees from spending appropriated funds in pursuit of the litigation—through the use of "government paper, pens, law books, computers, fax machines, copiers, telephones, office space or furniture, heat or lights," as well as official work time. D.C. Mem. (Amended), at 6 n. 8; *see also id.* at 10 n. 9, 16. The District argues that Congress intend-

ed the rider to halt the expense of this litigation, not the litigation itself. *See id.* at 18 (quoting 144 CONG. REC. H7360–61 (daily ed. Aug. 5, 1998)). Accordingly, it contends that the Corporation Counsel—whose staff has volunteered for the task, *see id.* at 16 n. 17—should at least be permitted to continue as pro bono counsel. The District represents that any costs incurred in connection with the litigation will be borne by the law firm of Covington & Burling, which is serving as counsel for the individual District residents in *Alexander v. Daley.*

None of the defendants disputes the District's reading of the budget rider. *See* Executive Branch Defs. Opp., at 2 ("The District correctly reads the statute . . . ."); Senate Defs. Opp., at 5 (noting that the District's understanding is "plain from the text of the provision"); House Defs. Opp., at 2 (noting that rider is "easily construed" as District interprets it). Nor do they oppose the Corporation Counsel's continued participation on a pro bono basis. *See* Executive Branch Defs. Opp., at 21; Senate Defs. Opp., at 6; House Defs. Opp., at 2 & n. 1. Being unopposed, the District's request that the Corporation Counsel be permitted to proceed pro bono is granted.

## II

■ The District's request for a declaratory judgment that the budget rider is unconstitutional, and its associated request for leave to continue representation without fiscal limitations, are not so easily resolved. Both implicate the jurisdiction of this court. There is no doubt, of course, that a federal district court would ordinarily have subject-matter jurisdiction over the kind of constitutional challenge presented here. The difficult question is whether a three-judge district court like this one, constituted under 28 U.S.C. § 2284(a), has such jurisdiction.

None of the parties addresses the jurisdictional issue at any length. The Executive Branch defendants "assume" that Judge Oberdorfer, to whom both *Alexan-*

der and Adams were initially assigned, will decide the District's motion alone. Exec. Defs. Opp., at 2 n.1. The District does not contest that Judge Oberdorfer "may" decide it. D.C. Reply, at 3 n.3. Neither indicates whether they think that in so doing, Judge Oberdorfer would be sitting as a single district judge or as a member of the three-judge court. See 28 U.S.C. § 2284(b)(3) ("A single judge [of the three-judge court] may ... enter all orders permitted by the rules of civil procedure except as provided ...."). As with other jurisdictional issues, however, we have an obligation to consider this question before we may proceed to the merits of the District's claim. See, e.g., Rosado v. Wyman, 397 U.S. 397, 402, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

The District of Columbia's constitutional attack on the budget rider is not a challenge to the constitutionality of the apportionment of congressional districts, the issue that this three-judge court was convened to decide and over which we have original jurisdiction. See 28 U.S.C. § 2284(a). That is not necessarily fatal. The Supreme Court has indicated that under certain circumstances three-judge district courts have ancillary jurisdiction over matters extending beyond their original jurisdiction, see Allee v. Medrano, 416 U.S. 802, 812, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974)—just as single-judge district courts have ancillary and pendent jurisdiction (known, since 1990, as "supplemental jurisdiction") to hear claims over which they would otherwise lack jurisdiction, see 28 U.S.C. § 1367. See generally Turner Broad. Sys., Inc. v. FCC, 810 F.Supp. 1308, 1312 (D.D.C.1992) (three-judge district court) (assuming without deciding that § 1367 applies to three-judge courts, but expressing uncertainty). To entertain the District's request for a declaratory judgment regarding the budget rider, however, would extend such jurisdiction further than the Court has extended it in the past.

The District's challenge is not, for example, a non-constitutional attack on the same federal action that is the basis of our original jurisdiction—the resolution of which would allow us to avoid reaching the constitutional questions at issue in the District's underlying quest for a seat in the House of Representatives. See Rosado, 397 U.S. at 402, 90 S.Ct. 1207 (stating that three-judge court is required to adjudicate non-constitutional claim "in preference to deciding the original constitutional claim"); see also Allee, 416 U.S. at 812 n. 8, 94 S.Ct. 2191; Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 85, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960). Instead, the District's challenge to the budget rider is a constitutional attack on a "wholly different" congressional action than the one we were convened to consider, see Allee, 416 U.S. at 812 n. 8, 94 S.Ct. 2191—albeit a congressional action taken to prevent the District from spending money on litigating this lawsuit. We have doubts as to whether we have ancillary jurisdiction as a three-judge court to consider an attack on such a distinct congressional action. See Perez v. Ledesma, 401 U.S. 82, 86–87, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (holding that three-judge court, authorized to hear actions to enjoin state laws on constitutional grounds, did not have jurisdiction over a related attack on a similar local ordinance); see also Public Serv. Comm'n v. Brashear Freight Lines, 312 U.S. 621, 625, 61 S.Ct. 784, 85 L.Ed. 1083 (1941) (holding that motion for post-judgment damages "raised questions not within the statutory purpose for which the two additional judges had been called").

Nor does the District's challenge to the budget rider "involv[e] detailed factual inquiries common with and ancillary to the constitutional challenge ... supporting the three-judge court's jurisdiction." Allee, 416 U.S. at 812 n. 8, 94 S.Ct. 2191. To the contrary, there are no factual issues common to both challenges. Hence, the attack on the budget rider would not satisfy the statutory requirement for supplemental jurisdiction, which incorporated the test

for pendent jurisdiction set forth in *United Mine Workers v. Gibbs*. *See* 28 U.S.C. § 1367 (authorizing supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (requiring that both claims "derive from a common nucleus of operative fact"); *see also Turner Broad.*, 810 F.Supp. at 1313 (noting that § 1367 incorporated *Gibbs* test); CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS § 19, at 120–21 (5th ed.1994) (same).

The District suggests that we have "inherent" authority to resolve its challenge to the budget rider, because the issue is ancillary to the court's supervision of attorney representation during the course of the apportionment litigation. *See, e.g., American Iron & Steel Inst. v. E.P.A.*, 115 F.3d 979, 986 (D.C.Cir.1997) (" '[Q]uestions ancillary to, or growing out of, the main action . . . may be taken cognizance of by the court and determined, since such jurisdiction is in aid of its authority over the principal matter.' ") (quoting *Morrow v. District of Columbia*, 417 F.2d 728, 737–38 (D.C.Cir.1969)). When used in this sense, the term "ancillary jurisdiction" extends to matters that "must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated." *Morrow*, 417 F.2d at 740. But resolution of the District's constitutional claim is not necessary to adjudicate the apportionment challenge at the heart of this proceeding. No one has moved to disqualify the Corporation Counsel from representing the District, and we have granted its request to proceed pro bono with the assistance of Covington & Burling. *See* D.C. Mem. (Amended), at 26. The Corporation Counsel states that continued representation on this basis, "while less than ideal, is feasible." *Id.*

Finally, even if we do have authority to consider the District's constitutional attack on the rider under a theory of ancillary jurisdiction, that authority is discretionary. *See Hagans v. Lavine*, 415 U.S. 528, 544, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (suggesting that even when three-judge court has jurisdiction over ancillary claim, "the most appropriate course" may be to remand it to single district judge rather than "consum[e] the time of three federal judges in a matter that was not required to be determined by a three-judge court") (quoting *Rosado*, 397 U.S. at 403, 90 S.Ct. 1207); *cf.* 28 U.S.C. § 1367(c); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C.Cir.1994) (noting that § 1367(c) "fairly exudes deference to judicial discretion"); *Turner Broad.*, 810 F.Supp. at 1314. As noted above, resolution of the District's attack on the budget rider is not necessary to decide the apportionment dispute for which we were constituted, and would not avoid decision on that dispute. To the contrary, to decide the District's claim would be to reach constitutional questions we need not reach, asserting authority we may not have. Under these circumstances, we decline to exercise any discretionary jurisdiction we may have over this claim.

III

Had the District's challenge to the constitutionality of the budget rider been articulated in its complaint, we might have severed and remanded it for assignment to a single district judge by the U.S. District Court for the District of Columbia. *See Rosado*, 397 U.S. at 402, 90 S.Ct. 1207; *Turner Broad.*, 810 F.Supp. at 1315. As a free-standing motion, however, there is no cause of action for us to sever or remand. In its reply memorandum, the District proposes that we consider its motion as a request to amend or supplement the complaint by adding a count challenging the constitutionality of the rider. *See* D.C. Reply, at 5 n.6. But the District has not appended such a proposed count to its motion, and we decline to draft one on our own. *See Kowal v. MCI Communications*

**6**

*Corp.,* 16 F.3d 1271, 1280 (D.C.Cir.1994) (affirming denial of a " 'bare request' " to amend complaint, unaccompanied by motion or proposed amended complaint). If the District is dissatisfied with the partial relief it has obtained, it remains free to file a new complaint in the district court for assignment to a single district judge.

For the foregoing reasons, we grant the District of Columbia's unopposed request that its Corporation Counsel be permitted to continue representing the District without expending government funds. In all other respects, we dismiss for lack of jurisdiction the District's Motion for Leave to Continue Representation by the Corporation Counsel.